JMS:LRO
F. #2022R00580

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED in the Clerk's Office
US District Court E.D.N.Y.
*March 6, 2023*
BROOKLYN OFFICE
Cr. No. 23-99
Judge Dora Lizette Irizarry
Magistrate Robert M. Levy

UNITED STATES OF AMERICA

    - against -

SHLOMO PATCHIAV,
    also known as "Slava Fatkhiev,"

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 924(d)(1),
  981(a)(1)(C), 1951(a) and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

## EXTORTION CONSPIRACY

1.    In or about June 2022, within the Eastern District of New York and elsewhere, the defendant SHLOMO PATCHIAV, also known as "Slava Fatkhiev," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others agreed to obtain property, to wit: United States currency and a vehicle from John Doe #1, an individual whose identity is known to the Grand Jury, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

2.    The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section

2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any other criminal law of the United States.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_Deighton Reid_
FOREPERSON

_By Carolyn Pokorny, Assistant U.S. Attorney_

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2022R00580
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

SHLOMO PATCHIAV,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 924(d)(1), 981(a)(1)(C), 1951(a) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c)))

*A true bill.*

_____  *Deighton Reid*
                                                   *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                               *Clerk*

*Bail, $* _____

_____

**Lindsey R. Oken, Assistant U.S. Attorney (718) 254-6516**