# MICHAEL L. SOSHNICK

*Attorney at Law*

170 OLD COUNTRY ROAD
SUITE 307
MINEOLA, NEW YORK 11501

MICHAEL L. SOSHNICK

OF COUNSEL
JOHN LAWRENCE
ERIC P. DEBARBA

Tel: 516-294-1111
Fax: 516-294-5465
MSOSHNICK@SOSHNICKLAW.COM

April 21, 2026

Via ECF and Email
Honorable Dora L. Irizzary
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    **United States of America v. Shlomo Patchiav**
       **Crim. Dkt. No.: 1:23-cr-00099-(DLI)**

Dear Judge Irizzary:

I am the attorney for the Defendant Shlomo Patchiav, in the above-referenced case and I am writing in Opposition to the Government's motion made on April 17, 2026 to preclude the testimony of a highly qualified digital/video image expert from testifying at the upcoming trial of my client. The Defendant now replies to the Government's latest attempt to deny Mr. Patchiav a fair trial by precluding the testimony of the Defendant's expert Conor McCourt based upon the mischaracterization of his report by the Government.

## BACKGROUND FACTS

The Government's present application is entirely the result of a DNA swab taken of the Defendant which was done years after the indictment which resulted in the DNA found on the baseball hat in question located in the trunk of the Chevy Malibu together with as yet other unidentified DNA on the baseball hat in question. Thereafter, the defense reviewed the surveillance footage provided by the Government and it appeared that the hat found in the trunk was the same one worn by the alleged co-conspirator Sanat Djumayev on June 25, 2022, when he purchased the Malibu in Pennsylvania.

The surveillance footage provided was from the security cameras of the used car dealership and the defense secured an expert, Conor McCourt, to enhance and review the footage for the purpose of comparing the digitally enhanced object with the photograph of the baseball cap located in the trunk of the Malibu. Based upon his analysis of the video images, Mr. McCourt at no time identifies the hat worn by Djumayev as being the same hat later found in the trunk of the Malibu as such a conclusion would be impossible to reach. The only thing that Mr. McCourt will testify about is the shared class characteristics of the object in the video

1

images he expertly examined in the enhanced video with that of the photographs of the baseball cap located in the trunk of the Malibu.

Conor McCourt is a former NYPD Detective with an extensive background in the review of digital and video evidence including testifying in twenty-three (23) cases over the last four (4) years in New York, Connecticut and Pennsylvania. In three (3) of these cases, Mr. McCourt was allowed to testify about his enhancement of the Digital videos and compared the objects seen in the videos/images with distinctive class characteristics. Mr. McCourt testified about similar class characteristics of objects in video/digital images with photographs including: a pair of ripped jeans, an Addidas track suit and a gas cap. In all three (3) cases he was qualified as an expert and allowed to testify as to his conclusions.

Mr. McCourt's testimony shall concern the several class characteristics identified based upon his forensic examination of the objects in question. The testimony shall exclusively concern his analysis of the videos and digital images in comparison with other objects to describe similarities. Because this is well within the scope of his expertise Mr. McCourt's expert testimony should be admitted.

## <u>LEGAL ARGUMENT</u>

Federal Rule of Evidence 702 allows the admission of the testimony of an expert witness if

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. *Fed. R. Evid. 702.*

In the present case, Mr. McCourt is clearly an expert in the field of forensic video analysis, based upon his years of training, law enforcement experience as well as an extensive CV as an expert witness and using his expertise will assist the fact finder in the instant case. The expert testimony shall assist the trier of fact in determining the likelihood that the hat worn by the person in the used car dealership surveillance video was worn by a person other than Mr. Patchiav close in time to when the hat was placed in the trunk of the Chevrolet Malibu with the body of the decedent in this case. Therefore, the forensic expert will be able to testify as to the probability that the two (2) hats are the same based upon their shared class characteristics. Mr. McCourt's expert opinion is "based upon the accepted and established methodologies related to forensic video analysis." (McCourt Report pg. 16) His expert opinion is based upon the analysis of video/digital images and photographs which the Government has provided to the Defendant. Furthermore, the report identifies the tools utilized in the investigation including the Axon Investigate forensic video software and Adobe photoshop 2024, along with the Expert's extensive experience with digital/video forensic analysis which he applied to the facts of the present case.

The Second Circuit Court of Appeals has held regarding the admission of expert testimony as evidence that: "The fundamental requirements are thus that such evidence be relevant and reliable." *United States v. Jones,* 965 F.3d 149, 161, (2d Cir. 2020) (citations omitted) "While the

proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied, . . . the district court is the ultimate gatekeeper." *Id quoting United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007) (internal quotation marks omitted). In this gatekeeping role, "the district court should consider the indicia of reliability identified in Rule 702."*Id quoting Amorgianos v. Amtr*ak, 303 F.3d 256, (2d Cir. 2002).

This Honorable Court in *Labacz v. Rohr* explained the District Court's role, stating: "The district court is the "ultimate gatekeeper" and must ensure that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Labacz v. Rohr*, 2026 U.S. Dist. LEXIS 70018, *5, 2026 LX 109856, 2026 WL 880128 19-cv-528 (DLI)(RML) (E.D.N.Y. March 31, 2026) *quoting U.S. v. Jones*, 965 F.3d 149, 161 (2d Cir. 2020) *See also Dover v. British Airways, PLC (UK)*, 254 F. Supp.3d 455, 458 (E.D.N.Y. 2017). Here, given the expert's law enforcement background, extensive history of expert testimony and the widely accepted nature of digital forensics as practiced by Mr. McCourt should authorize him to testify about the videos and digital images as well as similar class characteristics he has observed based upon his forensic review of the hat in the video in comparison with the hat found in the Malibu trunk. The Government's attempt to attack the Expert's credentials and imply that only a "fashion expert" would be proper to testify about the hat mischaracterizes the report and the potential expert testimony. The testimony shall be based upon the forensic analysis of the video and images which include any objects therein. As such, regardless of the Government's assertions, the Expert's testimony should be found admissible, and he should be allowed to testify.

As this Honorable Court further explained in *Labacz v. Rohr*,

"District courts generally assume that expert evidence is reliable." *Labacz v. Rohr*, 2026 U.S. Dist. LEXIS 70018, *5, 2026 LX 109856, 2026 WL 880128 19-cv-528 (DLI)(RML) (E.D.N.Y. March 31, 2026) *quoting UMG Recordings, Inc. v. Lindor,* 531 F. Supp.2d 453, 456 (E.D.N.Y. 2007). As such, exclusion of expert testimony is "the exception rather than the rule." *Id Citing*, FRE 702, Advisory Comm. Notes*; See also, Simpson v. New Prime, Inc.*, 2022 U.S. Dist. LEXIS 232120, 2022 WL 17961213, at *1 (E.D.N.Y. Dec. 27, 2022) (citing FRE 702, Advisory Comm. Notes). District courts enjoy "broad latitude" in determining whether expert testimony is reliable and only "serious flaws in reasoning or methodology will warrant exclusion." *Id ciiting B&R Supermarket, Inc. v. Visa Inc.*, 2024 U.S. Dist. LEXIS 170400, 2024 WL 4252031, at *3 (E.D.N.Y. Sept. 20, 2024). However, "[i]f an expert's testimony lies within 'the range where experts might reasonably differ,' the jury, and not the trial court, should 'decide among the conflicting views of different experts.'" *In re Fosamax Products Liability Litig.*, 645 F. Supp.2d 164, 173 (S.D.N.Y. 2009). The analysis does not require a court to scrutinize the actual conclusions drawn by a party's expert witness. *Labacz v. Rohr*, 2026 U.S. Dist. LEXIS 70018, *5, 2026 LX 109856, 2026 WL 880128 19-cv-528 (DLI)(RML) (E.D.N.Y. March 31, 2026) *citing Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002).

Based upon the arguments included herein the Defendant respectfully requests that this Honorable Court allow Mr. McCourt to testify about his conclusions concerning the similar class characteristics of the hat in the video and the hat found in the trunk of the Malibu.

Regarding testimony about law enforcement methodology and the condition of the video, the Expert's statements are based upon the video image provided to him by the Defendant's counsel who originally received it from the Government. On March 10, 2026 when the report was originally provided to the Government, the defense requested an enhanced copy of the video but never received a response until last week when we had conferences with the Government about potential stipulations. The Government has maintained that the video is in the condition it was received from the Auto dealer, and as such no original was ever obtained. Accordingly, the Expert's opinion will be somewhat constricted due to the quality of the video provided. However, that should go to the weight of the evidence and not the admissibility of the Expert's opinion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendant respectfully requests that the Court deny the Government's motion to preclude in its entirety.

Respectfully submitted,

__/s/: Michael L Soshnick____
Michael L. Soshnick, Esq.
Attorney for Defendant

4